# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CELESTE M.**[1], <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br> Defendant. | Case No. 3:18-cv-1474-SI <br><br> **OPINION AND ORDER** |

James S. Coon and Scott A. Sell, THOMAS, COON, NEWTON & FROST, 820 SW Second Avenue Suite 200, Portland, OR. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Stephen Dmetruk, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon**

Celeste M. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying Plaintiff's application for

Supplemental Security Income ("SSI") under the Social Security Act. Because the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Commissioner's decision is not based on the proper legal standards and the findings are not supported by substantial evidence, the decision is REVERSED and REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground on which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff filed an application for SSI protectively filed on February 12, 2015. Administrative Record ("AR") 156. Plaintiff alleged disability beginning on October 1, 2014, due to diabetes mellitus, inflammatory bowel disease or Crohn's disease, liver disease, respiratory disorder, peripheral neuropathy, anxiety, and urinary and fecal incontinence. AR 176. Plaintiff was born on September 26, 1972, and on the date of her alleged onset of disability was 42 years old. The Commissioner initially denied Plaintiff's application on August 25, 2015, and again denied her application upon reconsideration on January 7, 2016. AR 69, 85. Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"), which was heard on July 7, 2017. At the hearing Plaintiff testified and was represented by an attorney. AR 37-63. The ALJ heard testimony from Plaintiff and a vocational expert, Paul Morrison, regarding Plaintiff's condition. AR 57-62. On September 28, 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 29. The Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of the ALJ's decision.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v),

404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. ALJ Decision**

The ALJ applied the sequential analysis in denying Plaintiff's application. At step one, the ALJ found that Plaintiff had no earnings after 2007. AR 17. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "Liver Disease, Diabetes Mellitus, Respiratory Disorder, Inflammatory Bowel Disease, Peripheral Neuropathy, Anxiety, Organic Mental Disorder, and Substance Addition Disorder." AR 17-18. The ALJ noted other health ailments but determined that they affected Plaintiff on either a transient basis or were not enough to cause significant vocational limitations. AR 17. The ALJ thus determined that Plaintiff's obesity, gastritis, chronic hypertension, ovarian cyst, acute kidney injury, urinary incontinence, foot ulcer, cancer treatment, and hypertensive retinopathy did not constitute severe impairments

for purposes of Plaintiff's ability to work. *Id.* The ALJ also concluded that Plaintiff's urinary incontinence was non-severe, because there was a lack of evidence in the medical record and lack of past complaints of this specific problem. *Id.*

At step three, the ALJ determined that Plaintiff had no impairments or combination of impairments that meets or equals the severity of one the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19. The ALJ determined that Plaintiff had the RFC to perform light work except:

> The claimant requires a sit/stand option; occasionally climb ramps/stairs, stoop, kneel, crouch, and crawl; never climb ladders/ropes/scaffolds; frequently balance; no exposure to fumes/odors/dusts/gases/poor ventilation/pulmonary irritants, or to hazards such as moving mechanical parts and unprotected heights; the claimant is limited to performing simple, routine, and repetitive tasks but not at production rate pace; limited to simple work related decisions; reasoning level would be no higher than 2; and limited to occasional interaction with the public.

AR 21.

At step four, the ALJ found that Plaintiff had no "past relevant work." AR 27. At step five the ALJ determined that considering Plaintiff's age, "activities of daily living" and RFC, there are jobs in the national economy that would provide Plaintiff with meaningful gainful employment despite Plaintiff's limitations. AR 28. The ALJ therefore found that Plaintiff was not disabled AR 29.

## DISCUSSION

Plaintiff argues that the ALJ erred in rejecting two aspects of Plaintiff's subjective symptom testimony without providing clear and convincing reasons. The first is Plaintiff's testimony regarding her fecal and urinary incontinence and the second is Plaintiff's testimony regarding a doctor's recommendation that Plaintiff should elevate her legs to heart level when seated.

PAGE 6 – OPINION AND ORDER

**A. Standards Governing an ALJ'S Rejection of a Plaintiff's Subjective Testimony**

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[2] "There is a two-step process for evaluating a claimant's testimony regarding the severity and limiting effect of the claimant's symptoms." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282. "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281).

It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-

---

[2] SSR 16-3p was republished in 2017. It was originally effective March 28, 2016. It superseded SSR 96-7p and eliminated the term "credibility." Because the ALJ's decision in this case was made after the original effective date of SSR 16-3p, the ALJ followed it. Case law, however, references the term "credibility" and thus it may be used in this Opinion and Order.

46). The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883. The Ninth Circuit has stated that a claimant need not be "utterly incapacitated" in order to be eligible for benefits. *E.g.*, *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

B. **Plaintiff's Testimony Regarding Incontinence**

Plaintiff claims that she suffers from recurrent episodes of both fecal and urinary incontinence as a result of her peripheral neuropathy, diabetes, and Crohn's disease. During her hearing before the ALJ, Plaintiff testified that as a result of her gastrointestinal issues, she may have no bowel movements for up to one week and then have up to fifteen in a single day, when it feels like her "entire system" is "leaving" in one day. AR 44. She testified that her incontinence happens in "a cycle" and that she generally feels like she has "to be near a restroom." *Id.*

The ALJ found that Plaintiff's medically determinable impairments could be reasonably expected to cause some of her alleged symptoms, but that Plaintiff's statements about the intensity, persistence, and limiting effects of those symptoms are not entirely consistent with medical evidence and other evidence in the record. AR 22. Accordingly, the ALJ assigned little weight to Plaintiff's subjective testimony.

The ALJ assigned little weight to Plaintiff's subjective testimony regarding urinary and fecal incontinence because her claimed limitations: (1) conflicted with her activities of daily living; (2) were inconsistent with her failure to obtain immunosuppressant treatment; (3) were inconsistent with obtaining "consistent" treatment instead of "urgent" treatment; and (4) were not

supported by objective medical evidence.[3] The Commissioner concedes that Plaintiff's claim of error "is correct" with respect to the first two reasons given by the ALJ. The Commissioner argues, however, that the remaining two reasons provided by the ALJ are clear and convincing.

### 1. Consistency of Treatment

The amount of a claimant's treatment is "an important indicator of the intensity and persistence of [a claimant's] symptoms." 20 C.F.R. § 416.929(c)(3). Routine conservative treatment may be a basis on which to discount a claimant's subjective testimony regarding the limitations caused by an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Not seeking an "aggressive treatment program" permits the inference that symptoms were not "as all-disabling" as the claimant reported. *Tommasetti*, 533 F.3d at 1039. If, however, the claimant has a good reason for not seeking more aggressive treatment, conservative treatment is not a proper basis for rejecting the claimant's subjective symptoms. *Carmickle*, 533 F.3d at 1162.

The ALJ concluded that Plaintiff's testimony regarding the limitations caused by her impairments were not consistent with Plaintiff seeking "consistent" instead of "urgent" treatment. The ALJ discussed some of Plaintiff's appointments with Dr. Michael Chang, his recommendations, and Plaintiff's later emergency room visits and hospitalizations.

The Commissioner argues that from this discussion that Court can "discern" that the ALJ really meant that the ALJ was evaluating Plaintiff's failure to follow up on Dr. Chang's recommendation of a colonoscopy and failure to attend appointments with a gastroenterologist.

---

[3] The Commissioner also argues that the ALJ properly relied on Plaintiff's inaccurate report of drug use to Dr. Michael Chang. The ALJ, however, did not discuss that Plaintiff inaccurately reported her drug relapse to Dr. Chang or note that was a reason for discounting any subjective symptom testimony by Plaintiff. The Court does not consider *post hac* rationalization asserted by the Commissioner. *See Bray*, 554 F.3d at 1226.

This, however, is not apparent or even implied in the ALJ's discussion. It is improper *post hac* reasoning that the Court will not consider.

Regarding the reason the ALJ did provide—that Plaintiff sought treatment "consistently but not urgently"—this is not a clear and convincing reason. First, Plaintiff has been seen on an emergency basis for this condition. *See, e.g.*, AR 669 (December 21, 2016 emergency room visit complaining of "loose bowels for the last several days"). Second, Plaintiff alleges that she has a chronic gastroenterological condition that comes in cycles, and that causes her to use the restroom a great deal when it is at its worst. The ALJ does not explain why someone with this type of chronic condition would be expected to treat it "urgently" instead of "consistently." While an ALJ may rely on a Plaintiff's failure to seek treatment in discounting a claimant's subjective testimony see *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (holding that an ALJ may consider a failure to seek treatment when evaluating alleged limitations), merely mentioning that Plaintiff sought treatment "consistently but not urgently" does not meet the ALJ's burden of providing clear and convincing evidence. An ALJ needs to point to specific evidence in the record for a court to be able to review its decision for clear and convincing evidence reasons. *See Orteza*, 50 F.3d at 750. In light of the ALJ's failure to provide a specific citation to the record, the ALJ's finding that Plaintiff seeks treatment "consistently but not urgently" is insufficient to discount Plaintiff's subjective testimony regarding her symptoms and limitations.

**2. Objective Medical Evidence**

An ALJ may consider the lack of corroborating medical evidence as one factor in "determining the severity of the claimant's pain." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ may not however, reject subjective symptom testimony solely because it was not fully corroborated by objective medical evidence. *Robbins*, 466 F.3d at 883; *see also* 20

C.F.R. § 404.1529(c)(2) (noting that the Commissioner will not "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements").

Plaintiff argues that ALJ wrongfully rejected Plaintiff's subjective testimony as not supported by her medical record. Plaintiff also asserts that the ALJ misstates Plaintiff's testimony that her fecal incontinence was "constant."

The ALJ found that while "the medical records discuss some episodes of fecal urgency, . . . the records do not support the allegation of needing to use the restroom constantly." AR 23. The ALJ noted that physical examinations of Plaintiff reported normal findings, and Plaintiff's treating physician had attributed Plaintiff's overflow diarrhea as being a "likely side effect of her methadone use." AR 23.

Although it is a rational reading of the record that Plaintiff's methadone maintenance could contribute to Plaintiff's complaint of fecal urgency, it does not provide a clear and convincing basis for rejecting Plaintiff's claims regarding the frequency of needing to use the restroom. Under Social Security Ruling 13-2P, a Drug Addiction and Alcohol ("DAA") determination does not prevent the claimant from obtaining disability where the "addiction [is] to or use of, prescription medication taken as prescribed, including methadone and narcotic pain medication." The ALJ did not conduct a DAA evaluation or make any related findings.

Furthermore, Plaintiff's medical record includes multiple instances noting complaints of recurrent fecal urgency and incontinence. *See* AR 352, 354, 394, 666, 1936. Accordingly, the ALJ's conclusion that Plaintiff's alleged cyclical, frequent, need to use the restroom is not

supported by the medical evidence is itself not supported by substantial evidence in the medical record.

Additionally, even assuming Plaintiff's medical record did not support Plaintiff's cyclical need to frequently use the restroom, "the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick*, 157 F.3d at722 (9th Cir. 1998). Therefore, because either the Commissioner has conceded error or the Court has found error with the other reasons given by the ALJ to discount Plaintiff's subjective symptom testimony, any lack of support in Plaintiff's medical record could not alone provide the requisite clear and convincing reason to discount Plaintiff's subjective testimony regarding her symptoms and limitations.

3. **Harmless Error**

An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *see also Robbins*, 466 F.3d at 885 (noting that an error is harmless if it is "clear from the record the error was inconsequential to the ultimate non-disability determination"). A court should not automatically reverse on account of error, but should make a determination of prejudice. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "Determination of prejudice requires 'case-specific application of judgment, based upon examination of the record,' not 'mandatory presumptions and rigid rules.'" *Id.* (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). These case-specific factors are "various" and potentially include, among others:

> an estimation of the likelihood that the result would have been different, an awareness of what body (jury, lower court, administrative agency) has the authority to reach that result, a consideration of the error's likely effects on the perceived fairness, integrity, or public reputation of judicial proceedings, and a hesitancy to generalize too broadly about particular kinds of errors

> when the specific factual circumstances in which the error arises
> may well make all the difference.

*Shinseki*, 556 U.S. at 411-12.

The party claiming error has the burden "to demonstrate not only the error, but also that it affected his [or her] 'substantial rights,' which is to say, not merely his [or her] procedural rights." *Ludwig*, 681 F.3d at 1054. Additionally, a reviewing court can determine, based on the circumstances of the case, that further administrative review is required to determine whether there was prejudice from the error. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). Mere probability of prejudice is not enough, but where there is a substantial likelihood of prejudice, then remand is appropriate. *Id.*

The ALJ's error in rejecting Plaintiff's symptom testimony regarding her incontinence is not harmless. Plaintiff's alleged frequency of restroom breaks could be dispositive of Plaintiff's ability to seek competitive employment. *See* AR 61.

**C. Plaintiff's Testimony Regarding the Recommendation to Keep her Legs Elevated**

Plaintiff testified during her ALJ hearing that one of her doctors had recommended that "as much as possible, have your legs above your heart" because she was retaining fluid in her legs. AR 54-55. Although the ALJ noted at least one incident of leg swelling in her decision, in evaluating Plaintiff's limitations the ALJ did not discuss the doctor's recommendation that Plaintiff keep her legs elevated. Although Plaintiff testified that she had "a lot of liquid" removed from her, "like seven liters or something like that," she does not cite to any record evidence supporting that she has an ongoing, significant problem with edema.

The Commissioner notes that in Plaintiff's opening brief there is no record citation of any doctor's recommendation to keep Plaintiff's legs elevated and asserts that the only record evidence of a similar recommendation the Commissioner could find involved Plaintiff's

temporary condition of cellulitis caused from a poorly-executed heroin injection. The Commissioner argues that the ALJ is not required to consider Plaintiff's secondhand recitation of a doctor's casual recommendation, particularly one involving a transient condition. Plaintiff responds that any incompleteness in the record is evidence of a failure of the ALJ to compile the record and stands as further reason for remand.

The ALJ has an independent duty to fully and fairly develop the record. *Smolen v. Chater*, 80 F.3d 1273, 1283 (9th Cir. 1996). The agency is to make "every reasonable effort" to assist a claimant in gathering the relevant evidence. 20 C.F.R. §§ 404.1512(b), 416.912(b). The duty to further develop the record is only triggered where "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 881, 885 (9th Cir. 2010). The ALJ will collect information including from at least 12 months prior to the application date, or if applicable from the alleged onset date. 20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1).

The ALJ was under no requirement to further develop the record relating to the issue of elevating Plaintiff's legs. The record contains sufficient evidence that there was not an ongoing serious problem of edema. *See, e.g.*, AR 247 (3/12/2015, Plaintiff denying lower extremity edema); AR 313 (4/21/2015, noting no edema); AR 614-15 (7/9/2015, noting 1+ edema, the most mild, on one leg with a "fairly superficial" ulcer and "mild surrounding erythema but no fluctuance or drainage," instructing at-home care with dressings and compression stockings); AR 642 (11/23/2015, noting no edema); AR 490 (noting 6/10/2016 tests finding no peripheral edema); AR 669 (12/21/2016, noting no edema). In January 2017 Plaintiff suffered one serious incident of fluid retention when she had pneumonia, *see* AR 700, which resolved. *See, e.g.*, AR 842 (2/8/2017, noting "scant lower extremity edema); AR 846 (2/10/2017, noting 1+ edema

in her lower extremities). The medical record overall does not show a significant ongoing issue with edema or an ambiguity that required that the ALJ further develop the record.

Additionally, Plaintiff's testimony reflects a doctor's recommendation, not a diagnosis nor statement of her functional capacity, and thus the ALJ was not required to include it in the RFC. *See Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (noting that when a doctor's observation is a recommendation, it is "neither a diagnosis nor statement of [the claimant's] functional capacity" and an ALJ "[does] not err by excluding it from the RFC"); *Villalobos v. Colvin*, 2014 WL 127084, at *8 (D. Or. Jan. 9, 2014) (noting that where the doctor's verbiage suggests "recommendations, as opposed to imperatives," they "are neither diagnoses nor statements of plaintiff's RFC"). Notably, Plaintiff's argument that the record requires further development on this issue contradicts her position that the record is fully development and thus requires a remand for immediate benefits instead of further proceedings.

**D. Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holoham* 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler*, 775 F.3d at 1099-1100. The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is

fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

While the Court believes that the ALJ errored by discounting Plaintiff's subjective testimony without providing clear and convincing reasons supported by substantial evidence, there still exists ambiguities in the record regarding the frequency of the "cycles" of Plaintiff's incontinence, how long those cycles last, and the frequency of her need to use the restroom. Accordingly, a remand for further proceedings is appropriate.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 12th day of August, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge